IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 8-23-2011
TIME: 4:35 pm
INITIALS: T.H.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Criminal No. ~~11-20205-STA~~ |
| | ) 11-20224 STA |
| MAURICE MAXWELL, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

**The full and complete plea is as follows:**

The following constitutes the Plea Agreement reached between the United States, represented by Edward L. Stanton, III, United States Attorney for the Western District of Tennessee, and STEPHEN C. PARKER, Assistant United States Attorney, the defendant, MAURICE MAXWELL, represented by DORIS RANDLE-HOLT, defense counsel.

MAURICE MAXWELL agrees that he will enter a voluntary plea of guilty to an information charging one count of violating Title 18, United States Code, Section 1591(a)(1).

The United States agrees to dismiss any information Number 11-20202 at the appropriate time.

. Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the defendant receiving acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. The defendant understands

that if the United States receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation of any additional criminal activities between now and the time of sentencing, this position could change.  Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined by the district court.  Failure of the district court to grant acceptance of responsibility credit is not a basis for MAURICE MAXWELL to withdraw his guilty plea.

MAURICE MAXWELL agrees to cooperate fully and truthfully with the United States Attorney and his designated representatives and with agencies identified by the United States Attorney.  Such cooperation shall include, but is not limited to, complete and truthful debriefings and testimony at trial and in other proceedings if requested, involving any matters arising out of this cause.

This agreement is limited to this office and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.  This agreement does not apply to any forfeiture proceedings, judicial, administrative, or otherwise, and shall not preclude any past, present, or future forfeiture actions.

Should it be judged by the government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of the United States Sentencing Guidelines Section 3C1.1 from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw the plea, the government will be released from its obligations and would

become free to argue for any sentence within the statutory limits. Such a breach by the defendant would not release the defendant from the plea of guilty.

The defendant has indicated his desire to cooperate with the United States in the investigation and prosecution of others. The United States agrees to consider making a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines on behalf of MAURICE MAXWELL at the time of his sentencing. MAURICE MAXWELL understands that the only promise being made is to consider a motion pursuant to § 5K1.1. This is not a promise to make such a motion. The decision whether to make a motion pursuant to § 5K1.1 is within the sole discretion of the United States. The decision whether or not to make such a motion will be made only after it has been determined that MAURICE MAXWELL has given complete and truthful cooperation and/or testimony in the matters under investigation and prosecution. MAURICE MAXWELL understands that if his testimony is anything but complete, truthful, and candid, the United States will make the sentencing court aware of this, will seek enhancement of his sentence based upon any lack of candor or truthfulness, and further will prosecute MAURICE MAXWELL for any crimes that might be provable. MAURICE MAXWELL also understands that any new criminal activity would be another reason not to make such a motion.

Defendant understands that Title 18, United States Code Section 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, defendant agrees that if the court imposes a sentence that is below the minimum guideline range determined by the court at the sentencing hearing he then knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence is within the statutory maximum

specified above. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The Defendant also agrees that if he waives his right to challenge or collaterally attack his conviction or sentence under Title 28, United States Code, Section 2255 if court imposes a sentence that is below the minimum guideline range determined by the court at the sentencing hearing . The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

MAURICE MAXWELL agrees that this plea agreement constitutes the entire agreement between himself and the United States and that no threats have been made to induce him to plead guilty. By signing this document, MAURICE MAXWELL acknowledges that he has read this agreement, has discussed it with his attorney and understands it.

FOR THE UNITED STATES:

EDWARD L. STANTON III
UNITED STATES ATTORNEY

_____
STEPHEN C. PARKER
Assistant United States Attorney
800 Federal Office Building
167 N. Main Street
Memphis, TN 38103

8/23/11
Date

_____
DORIS RANDLE-HOLT
Defense Counsel

8/23/11
Date

_____
MAURICE MAXWELL
Defendant

8/23/11
Date